NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 10 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDREW STEVEN GRAY, AKA Stryder
D Austin,

Defendant - Appellant.

No. 25-6599

D.C. No.
2:09-cr-00170-JCC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted August 5, 2026[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

Appellant Andrew Steven Gray ("Gray") appeals the denial of his second

petition for a writ of coram nobis, seeking to vacate his 2010 conviction for

possession of marijuana with intent to distribute in violation of 21 U.S.C. §

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

841(a)(1). Gray had originally pled guilty to both this marijuana count and a felon-in-possession of a firearm charge in violation of 18 U.S.C. § 922(g)(1); he later successfully sought a writ of coram nobis to vacate the firearm conviction due to several intervening legal events. In that proceeding, he obtained, per his request, an amended judgment "noting his remaining count and stating that his § 922(g) conviction has been vacated."

The writ of coram nobis is an "extraordinary remedy" to be granted "only under circumstances compelling such action to achieve justice." *United States v. Morgan,* 346 U.S. 502, 511 (1954). To qualify for relief, the petitioner must show "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *United States v. Riedl*, 496 F.3d 1003, 1006 (9th Cir. 2007) (citation omitted).

With respect to his new petition, Gray has not offered "valid reasons for not attacking the conviction earlier," *id.* at 1007 (citation omitted), especially as his prior petition expressly sought to vacate only the § 922 charge. We do not permit piecemeal litigation of this sort. *Cf. United States v. Radmall*, 340 F.3d 798, 802 (9th Cir. 2003); *United States v. Nagra*, 147 F.3d 875, 882 (9th Cir. 1998). In addition, as the district court noted, the vacatur of the firearm charge did not

undermine the validity of Gray's plea to the marijuana conviction such as to constitute an error "of the most fundamental character." *Riedl*, 496 at 1006 (citation omitted). The factual basis for the marijuana count was completely separate from the firearm count, and based on the admitted facts, it would not be fundamentally unfair for that conviction to stand.

**AFFIRMED.**